```
                                              FILED
                                           BILLINGS DIV.

                                          2007 FEB 6 PM 3 51

                                          PATRICK E. DUFFY, CLERK
```
BY _____
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

## BILLINGS DIVISION

| | |
|---|---|
| BERNARD G. ("Gerry") ROBERTSON,<br><br>             Plaintiff,<br><br>vs.<br><br>BNSF RAILWAY COMPANY,<br><br>             Defendant. | CV 06-93-BLG-RFC-CSO<br><br>**FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

In Orders issued on November 13, 2006, and December 27, 2006 (Court's Doc. Nos. 22 and 24), Judge Anderson directed Plaintiff, following withdrawal of his counsel, to either "obtain the appearance of new counsel or notify the Court in writing of his intent to appear *pro se*" in this action.  The latter Order imposed January 29, 2006, as Plaintiff's deadline for compliance with the Order's directives.  Both Orders also warned Plaintiff of the consequences of his failure to comply, and the December 27, 2006, Order explicitly stated that "**FAILURE TO COMPLY WITH THIS ORDER SHALL RESULT IN DISMISSAL OF THIS ACTION**."  Court's Doc. No. 24.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the Court to dismiss an action "[f]or failure of the

1

plaintiff ... to comply with ... any order of court."  The Court may dismiss a case on its own motion without awaiting a defense motion.  See, e.g., Link v. Wabash R.R., 370 U.S. 626, 633 (1962); Hells Canyon Preservation Council v. United States Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005).

In considering dismissal, a court must weigh five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants or respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.  Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002), cert. denied, (2003) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

### 1. *Expeditious Resolution*

"The public's interest in expeditious resolution of litigation always favors dismissal."  Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1990).  Here, Robertson has failed to communicate with the Court in any way with respect to Judge Anderson's Orders.  This factor weighs in favor of dismissal.

### 2. *Docket Management*

"The trial judge is in the best position to determine whether the delay in a particular case interferes with docket

management and the public interest." Pagtalunan, 291 F.3d at 642 (citing Yourish, 191 F.3d at 990). Litigants who do not obey the Court's orders disrupt the Court's handling of other matters by consuming time and resources needed by litigants who do follow the Court's orders. Robertson's failure to respond, despite twice being ordered to do so, indicates a lack of regard for the judicial process and signals his apparent abandonment of his claims. This factor weighs in favor of dismissal.

### 3. *Prejudice to Defendants*

"To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." Pagtalunan, 291 F.3d at 642 (citing Malone v. United States Postal Serv., 833 F.2d 128, 131 (9th Cir. 1987)).

Here, although BNSF Railway Company has not alleged prejudice, it is apparent that it would suffer prejudice if Robertson is allowed to continue with this action without appearing or participating. Thus, this factor weighs in favor of dismissal.

### 4. *Alternatives*

As noted above, Judge Anderson twice attempted to effect an alternative to dismissal, *i.e.*, allowing Robertson either to obtain the appearance of new counsel or to notify the Court in writing of his intent to appear *pro se*. Rather than seizing

3

either of these two methods of proceeding despite having been given two opportunities to do so, Robertson instead failed to respond or otherwise appear. In this situation, in which a claimant simply declines to participate in the proceedings, the Court is unaware of any alternative short of dismissal. The Court understands its obligations to *pro se* litigants and has endeavored to fulfill them in this case. Robertson was given - on two separate occasions - a date certain by which he had to communicate to the Court and Defendant the manner in which he wished to proceed. He simply failed to comply with the Court's orders. This factor weighs in favor of dismissal.

### 5. *Disposition on Merits*

Public policy favors the disposition of cases on their merits. Pagtalunan, 291 F.3d at 643 (citing Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998)). This factor will always counsel against dismissal.

### 6. *Conclusion*

While the policy in favor of disposition on the merits weighs against dismissal under Rule 41(b), the other relevant factors weigh in favor of dismissal. The Court will recommend that Robertson's action be dismissed without prejudice under Rule 41(b).

Based on the foregoing,

**IT IS RECOMMENDED** that Robertson's action be DISMISSED

without prejudice under Fed. R. Civ. P. 41(b).

**NOW, THEREFORE, IT IS ORDERED** that the Clerk of Court shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to these findings must be filed with the Clerk of Court and copies served on opposing counsel within ten (10) days after receipt hereof, or objection is waived.

DATED this 6th day of February, 2007.

_____
Carolyn S. Ostby
United States Magistrate Judge